CARL M. ERMAN* (1945-2014)
JONATHAN S. ERMAN***
IRENE P. ZIEGLER
JOHN A. ORBON
MARC J. FALCONE*
ANTHONY A. LENZA, JR.***
STEPHANIE M. BERGER**
FLUTRA LIMANI
SHARI D. STEINFELD
CHARLES A. FRANCHINI
ADRIANA M. SOLIMEO*
JUDITH PRIOLO
KRISTEN M. COOHILL
NICOLE A. CALLAHAN****
ZACHARY A. BAWDUNIAK*
BRIAN LINARES-PONCE†
TODD E. GILBERT****

Paul M. DeCarlo
Of Counsel

# AMABILE & ERMAN, P. C.
### ATTORNEYS AT LAW
### 1000 SOUTH AVENUE
### STATEN ISLAND, NY 10314-3407
### TELEPHONE: (718) 370-7030
### FAX: (718) 370-3656
www.amabile-erman.com

November 15, 2024

MANHATTAN OFFICE
29 BROADWAY
SUITE 1300
NEW YORK, NY 10006
(718) 370-7030

NEW JERSEY OFFICE
17-19 BEECHWOOD ROAD
THIRD FLOOR
SUMMIT, NJ 07901
(718) 370-7030

WESTCHESTER OFFICE
445 HAMILTON AVENUE, SUITE 1102
WHITE PLAINS, NY 10601
(718) 370-7030

ALSO ADMITTED IN:
† NJ AND CT
* NJ
** NJ AND FL
*** NJ AND PA
**** CT

Jonathan S. Erman
Partner
jerman@amabile-erman.com

**VIA ECF-SDNY**

Honorable Jennifer H. Rearden
Justice,
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

                    Re: **KRIZEK v. THE QUEENS MEDICAL CENTER, ET AL.**
                          **DOCKET # 24-CV-07727 (JHR)**
                          **OUR FILE NO. MP-1174**

Dear Justice Rearden:

I represent the named defendant, Dr. Nobuhiro Ariyoshi who upon information and belief has yet to have been properly served in this action. On November 8, 2024, I was retained as New York counsel by Hawaii Residency Program (hereinafter "HRP"), a not-for-profit based in Honolulu, Hawaii that supports medical education and training for medical residents in Hawaii. Dr. Nobuhiro Ariyoshi was a 2nd year medical resident affiliated with HRP, when he came to care for the plaintiff's daughter at the codefendant Queens Medical Center on December 28, 2015. HRP was advised through a named defendant William Bordner, Esq, of the existence of this new suit.[1] I have served a Notice of Appearance (Dkt.No 11) notwithstanding the fact that Dr. Ariyoshi may not have been properly served in this action. An Affidavit of Service has not been filed per the Docket for this matter by the pro-se plaintiff.

---

[1] William Bordner represented Dr. Ariyoshi in the matter of Krizek v Queens Medical Center et al, bearing Docket 18-cv-00293-JMS in the U.S. District Court District of Hawaii that after a 9 day trial a jury rendered a verdict on behalf of all defendants (September 2022) this verdict was subsequently affirmed by the United States Court of Appeals for the Ninth Circuit with the Judgement taking effect on October 10, 2024 or 1 day before the filing of the instant suit.

AMABILE & ERMAN, P.C.

Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
Re: **KRIZEK v. THE QUEENS MEDICAL CENTER, ET AL.**
November 15, 2024
**2** | Page

Briefly, this matter filed on October 11, 2024, alleges medical malpractice and wrongful death. Various other causes of action are alleged but are not relevant to Dr. Ariyoshi who was a 2nd year medical resident at the time of the decedent's admission. Although I am not privy to the medical records as I am not in possession of a HIPAA compliant authorization, a review of the co-defendant's motion reveals that Bianca Krizek then 35 years of age and daughter of the plaintiff[2] underwent medical treatment at The Queens Medical Center located in Honolulu, Hawaii from December 28, 2015, through her passing on February 5, 2016. Based on the treatment dates it is the intention of this defendant, if properly served, and/ or is necessary based on the below to file a pre-Answer motion to dismiss the Complaint with prejudice pursuant 12(b)(6) for violation of the applicable statute of limitations. For the reasons set forth below, it is our position that the Complaint should be dismissed with prejudice.

## **VIOLATION OF APPLICABLE STATUTE OF LIMITATIONS**

If this Court determines that New York law applies (please see argument with regards to venue), the statute of limitations under N.Y. C.P.L.R. §214-a applies and has expired. N.Y. C.P.L.R. §214-a ("an action for medical, dental or podiatric malpractice must be commenced within two years and six months of the act, admission or failure complained of or last treatment where there was continuous treatment for the same illness, injury or condition which gives rise to said act, admission or failure.)" In addition, under New York law, the wrong death statute is two years, both statute of limitations has long since passed based on the filing of this action on October 11, 2024. "Continuous treatment" means that the statute of limitations for medical malpractice is tolled against a doctor until the last date that the doctor treated the plaintiff for the same condition. Gonzalez v. Wright, 665 F.Supp.2d 334, 355

---

[2] Plaintiff may not have legal standing to bring this action as there is no indication that she was appointed by a surrogates court as the executrix or administratrix of her daughters estate.

AMABILE & ERMAN, P.C.

Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
Re: **KRIZEK v. THE QUEENS MEDICAL CENTER, ET AL.**
November 15, 2024
**3** | P a g e

(SDNY 2009). No tolling of the statute of limitations exists based on the allegations raised. Under any analysis of any applicable limitations period, plaintiff's claims are barred as being in violation of the statute of limitations based on the plaintiff's passing on February 5, 2016. Plaintiff's Complaint (Dkt. No. 1 ¶72) alleges that the defendant, Dr. Nobuhiro Ariyoshi knowingly and intentional ordered the patient to the administered Fentanyl and Ativan despite patient suffering severe low blood pressure due to dehydration. This is the only mention as to my client within plaintiff's Complaint and one can presume that this allegation is one sounding in a claim for medical malpractice. As such this action is in violation of the applicable statute of limitations and should be dismissed with prejudice.

## CHANGE OF VENUE

As noted previously, this is not the first Complaint filed by the plaintiff in this Court (see Footnote 1). On July 18, 2018, plaintiff filed a wrongful death action in this Court which named many of the same defendants named here and which was premised upon many of the same allegations restated in her Complaint initiating this action. See *Helena Krizek v. Queens Medical Center, et al.*, 18-CV-06481-PGG. On July 26, 2018, the Honorable Paul Gardephe of this Court sua sponte filed an Order directing the Clerk of the Court to transfer the first lawsuit to United States District Court for the District of Hawaii. Judge Gardephe held that transfer was appropriate under §1404(a) noting:

> The events underlying plaintiff's claims occurred in Hawaii. Nearly all of the defendants currently reside there are why the law will govern plaintiff's claims. In addition, it is likely that relevant documents and witnesses are located in Hawaii. Although plaintiff's choice of form is a factor for the Court's consideration, it is entitled to little weight here given that none of the relevant acts and/or admission occurred in

AMABILE & ERMAN, P.C.

Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
Re: **KRIZEK v. THE QUEENS MEDICAL CENTER, ET AL.**
November 15, 2024
**4** | Page

> this district. Based on the totality of the circumstances, the Court concluded that it was in the interest of justice to transfer this action to the United States District Court for the District of Hawaii.

The first lawsuit was transferred to the United States District Court for the District of Hawaii on August 2, 2018, to Chief U.S. District Judge J. Michael Seabright and was assigned Case No. 1; 18-CV-00293-JMS. As noted previously, the first lawsuit was tried before Judge Michael Seabright in September 2022 following a nine day trial. The jury returned a verdict for the defendants and a judgment on that verdict in favor of defendants was filed on September 14, 2022. Plaintiff appealed the judgment to the United States Court of Appeals for the 9th Circuit and that Court affirmed the judgment on September 18, 2024. The judgment of the 9th Circuit took effect on October 10, 2024, and 1 day later the plaintiff filed this instant matter in the USDNY.

All defendants named in the current lawsuit are residents of the State of Hawaii. All claims and allegations are based on treatment rendered in the State of Hawaii. According to plaintiff herself, the events complained of occurred in Hawaii. (Dkt. No.1; ¶3), 28 U.S.C. §1404(a) provides for the convenience of parties and witnesses and in the interests of justice a District Court may transfer any civil action to any other district or the division where it might have been brought.

Here the Complaint alleges that the defendants are in Hawaii, that all the individual defendants are employees of Queens Medical Center Hospital, additionally named defendants include The Hawaii Department of Health, the Medical Examiner of Honolulu, Legacy of Life Hawaii and the Lions Eye Bank of Hawaii. Just as Judge Gardephe concluded in the first lawsuit, transfer of this action is appropriate under §1404(a).

AMABILE & ERMAN, P.C.

Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
Re: **KRIZEK v. THE QUEENS MEDICAL CENTER, ET AL.**
November 15, 2024
**5** | P a g e

By way of this correspondence, it is my intention should Dr. Ariyoshi be properly served, that an Order for dismissal for plaintiff's violation of the applicable New York statute of limitations be issued. In the alternative, a motion for change of venue seeking an Order to transfer venue to United States District Court for the District of Hawaii pursuant to 28 U.S.C. §§91, 1391(b) and 1404(a) would be made on his behalf.

Respectfully submitted,

JONATHAN S. ERMAN

JSE/lh
cc: **Via Federal Express and E-Mail**
Helena Krizek, Pro Se
244 West 64th Street, Apt. 6H
New York, NY 10023

**Via SDNY E-File**
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10023
Justin.kattan@dentons.com