...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELENA KRIZEK,<br><br>       Plaintiff,<br><br>-v.-<br><br>THE QUEENS MEDICAL CENTER et al.,<br><br>       Defendants. | 24 Civ. 7727 (JHR)<br><br>MEMORANDUM OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

Before the Court is the motion of Defendants The Queen's Medical Center (the "Hospital"), Dr. Cherylee Chang, Dr. Thomas S. Gallacher, and Dr. Hao Chih Ho (the "Hospital Defendants") to transfer venue to the United States District Court for the District of Hawaii. ECF No. 5 (Mot.)  For the reasons set forth below, the Hospital Defendants' motion is GRANTED.

## I.  Background

On October 11, 2024, Plaintiff Helena Krizek, acting *pro se*, commenced this lawsuit. ECF No. 1 (Compl.).  Plaintiff is a citizen of New York and asserts claims for civil rights violations pursuant to 42 U.S.C. § 1983, conspiracy to commit medical fraud, and gross negligence.  Compl. ¶¶ 1, 3, 83-98.  Defendants comprise the Hospital; Hospital employees Dr. Cherylee Chang, Dr. Thomas Gallacher, Dr. Nobuhiro Ariyoshi, and Dr. Hao Chih Ho; attorneys for the Hospital and for its employees Edquon Lee and William A. Bordner; Plaintiff's former attorneys, Margaret Willie and Margaret Willie and Associates LLC; Legacy of Life Hawaii; Lions Eyebank of Hawaii; Department of Health Hawaii; and Dr. Christopher Happy, the medical examiner for the City of Honolulu, Hawaii.  *Id.* ¶¶ 6-18.  In essence, Plaintiff alleges that she is the birth mother of Bianca Krizek, *id.* ¶ 26, and that Bianca died while being treated at

the Hospital, *id.* ¶ 27.  Plaintiff further avers that Defendants "acted together in concert in an elicit scheme, targeting [her] deceased daughter for organ harvesting."  *Id.* ¶ 32.

On November 12, 2024, pursuant to 28 U.S.C. § 1404(a), the Hospital Defendants moved to transfer venue to the United States District Court for the District of Hawaii.  Mot.  On November 19, November 21, and December 7, 2024, Plaintiff submitted three identical filings denominated "opposition to Defendants['] motion to dismiss / Rule 12(b)(6)."  ECF Nos. 27, 41, 63.  Although those submissions are not styled as responses to the instant motion, *see* ECF No. 14, they state that "the [f]irst question which needs to be decided is the question of Venue, as defendants are seemingly accepting this Court (United States District Court [f]or [t]he Southern District of New York) to be the proper forum for venue since defendants also file a substantive motion under Rule 12(b) of the Federal Rules to Dismiss complaint."  ECF No. 63 at 2; *see also* ECF No. 27 at 2; ECF No. 41 at 2.

Previously, Plaintiff filed a complaint in this District that was "premised upon many of the same underlying allegations restated in her Complaint initiating this action," ECF No. 7 (Br.) at 3, and involved many of the same parties.  *See Krizek v. Queens Medical Center*, No. 18 Civ. 6481 (PGG), ECF No. 1 (S.D.N.Y. July 18, 2018) ("*Krizek I*").  In *Krizek I*, the Court transferred venue to the United States District Court for the District of Hawaii.  *Krizek I*, No. 18 Civ. 6481 (PGG), ECF No. 4 at 5 (S.D.N.Y. July 26, 2024).

## II.   Discussion

As an initial matter, the Court construes Plaintiff's opposition submissions "liberally" and interprets them as "rais[ing] the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).  Thus, Plaintiff's submissions are read as arguing that, in seeking dismissal

under Federal Rule of Procedure 12(b)(6), Defendants waived their right to challenge venue. ECF No. 63 at 2 (asking whether it "ha[d] been decided that venue [wa]s before this Honorable Court" because Defendants "seemingly accept[ed] this Court . . . to be the proper forum for venue since defendants also file[d] a substantive motion under Rule 12(b) of the Federal Rules"). Because Defendants moved to transfer venue in "a pre-answer motion" however, they did not "waive[] any challenge to venue." *Johnson v. Bryson*, 851 F. Supp. 2d 688, 704 (S.D.N.Y. 2012) ("Pursuant to Rule 12(h)(1) of the Federal Rules of Civil Procedure, a defendant waives any challenge to venue if it fails to raise that objection in a pre-answer motion or in its first responsive pleading."). In any event, "[e]ven if Defendants" had waived "their objection to venue" by failing to timely raise it, "they [could] still move for transfer under [28 U.S.C.] § 1404(a), as they did here." *Chen v. Arts Nail Putnam Valley Inc.*, No. 14 Civ. 3037 (ALC), 2017 WL 3017712, at *2 (S.D.N.Y. July 14, 2017). Accordingly, the Court will consider the motion.

Pursuant to the general venue statute, 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391, a "natural person . . . reside[s] in the district in which that person is domiciled," and any other defendant "entity with the capacity to sue and be sued" resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that most of the Defendants are either entities located in Hawaii or individuals employed by the Hospital or the City of Honolulu, Hawaii. Compl. ¶¶ 6-9, 14-18.

3

The remaining Defendants, all licensed to practice law in Hawaii, were retained counsel for the Hospital or its employees, or for Plaintiff in the prior action in the United States District Court for the District of Hawaii.[1] Compl. ¶¶ 10-13. From these allegations, it can reasonably be inferred that all of the Defendants were or are residents of Hawaii.[2] *Cf. Krizek I*, No. 18 Civ. 6481 (PGG), ECF No. 4 at 3 (S.D.N.Y. July 26, 2024) (drawing the same inference). Moreover, the Complaint alleges that all of "the events complained of occurred in Hawaii." Compl. ¶ 3; *see also id.* ¶¶ 28-44.

Thus, the United States District Court for the District of Hawaii is the proper venue for this action. *See* 28 U.S.C. § 1391(b). Venue is not proper in the United States District Court for the Southern District of New York because Plaintiff does not allege (1) that all Defendants reside in the State of New York and that at least one Defendant resides in this District, 28 U.S.C. § 1391(b)(1); or (2) that a "substantial part of the events or omissions" underlying her claim arose in this District, 28 U.S.C. § 1391(b)(2).

Even if venue were proper in this District, courts are authorized to transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *Gakuba v. James*, No. 24 Civ. 6661 (LTS), 2024 WL 4751359, at *1 (S.D.N.Y. Oct. 17, 2024) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)).

---

[1] Specifically, in the prior action, Defendant Margaret Willie represented that she was admitted or otherwise authorized to practice law in the United States District Court for the District of Hawaii. *See Krizek v. Queens Medical Center*, No. 18 Civ. 293 (JMS), ECF No. 64. Defendants Edquon Lee and William A. Bordner represented that they were licensed to practice law in Hawaii. *Id.* at ECF Nos. 168-1, 166-1.

[2] The summons issued by the Clerk of Court confirms this inference. It lists Hawaii addresses for all Defendants other than Dr. Christopher Happy, the medical examiner for the City of Honolulu. ECF No. 3. A Los Angeles, California address is provided for Dr. Happy. *Id.* at 3.

4

In determining whether transfer is appropriate, courts "consider a number of factors, including: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff['s] choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of the circumstances." *Keitt v. New York City*, 882 F. Supp. 2d 412, 458–59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Pursuant to § 1404(a), transfer of this action is appropriate. As previously noted, the events underlying Plaintiff's claims occurred in Hawaii; nearly all Defendants currently reside there, and Hawaii law governs many of Plaintiff's claims. In addition, it is likely that relevant documents and witnesses are in Hawaii. Although Plaintiff's choice of forum is a factor for the Court's consideration, "it is entitled to little weight here given that none of the relevant acts and/or omissions occurred in this District." *Krizek I*, No. 18 Civ. 6481 (PGG), ECF No. 4 at 4 (S.D.N.Y. July 26, 2024); *see Joyner v. Cont'l Cas. Co.*, No. 11 Civ. 6005 (JSR), 2012 WL 92290, at *2 (S.D.N.Y. Jan. 9, 2012) ("[T]he plaintiff's choice is given less deference 'where the operative facts have no connection to the chosen district.'" (citing *Whitehaus Collection v. Barclay Prods., Inc.*, No. 11 Civ. 217 (LBS), 2011 WL 4036097, at *3 (S.D.N.Y. Aug. 29, 2011))). Based on "the totality of the circumstances," the Court concludes that it is "in the interest of justice" to transfer this action to the United States District Court for the District of Hawaii." *Keitt*, 882 F. Supp. 2d at 459 (quoting 28 U.S.C. § 1404(a)).

### III. Conclusion

In view of the foregoing, the Hospital Defendants' motion to transfer venue, ECF No. 5, is GRANTED. The Clerk of Court is directed to terminate ECF No. 5, transfer this action to the Clerk of the United States District Court for the District of Hawaii, and close the case.

The Clerk of Court is further directed to mail a copy of this Order by certified mail to Plaintiff and to note mailing on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 8, 2025
New York, New York

                                                       JENNIFER H. REARDEN
                                                      United States District Judge