IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HELENA KRIZEK, | ) CIVIL NO. 25-CV-00021-SASP-RT |
| | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION |
| vs. | ) |
| | ) |
| THE QUEEN'S MEDICAL CENTER, DR. CHERYLEE CHANG, DR. THOMAS S. GALLACHER, DR. NOBUHIRO ARIYOSHI, EDQUON LEE, ESQ., MARGARET WILLE AND ASSOCIATES LLC, MARGARET WILLE, ESQ., WILLIAM BORDNER ESQ., DR. HAO CHIH HO, LEGACY OF LIFE HAWAII, LIONS EYE BANK OF HAWAII, HAWAII STATE DEPARTMENT OF HEALTH, DR. CHRISTOPHER HAPPY MEDICAL EXAMINER OF HONOLULU, IN HIS OFFICIAL & INDIVIDUAL CAPACITY; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

1393631.2

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................1

II. RELEVANT BACKGROUND .....................................................................2

    A. Procedural History................................................................................2

    B. Factual Allegations...............................................................................4

III. LEGAL STANDARD ....................................................................................6

    A. Rule 12(b)(6) ........................................................................................6

IV. PLAINTIFF'S COMPLAINT AGAINST ATTORNEY BORDNER SHOULD BE DISMISSED WITH PREJUDICE ...........................................7

    A. Plaintiff's Claims Against Attorney Bordner Are Barred By Litigation Privilege...............................................................................7

    B. Plaintiff Fails To Allege Sufficient Facts To Bring Any Claims Against Attorney Bordner ..................................................................10

    C. Plaintiff's Claims Independently Fail as a Matter of Law .................11

        a. Count I – Violation of 42 U.S.C. § 1983 .................................11

        b. Counts II and III – Civil Conspiracy to Commit Medical Fraud ........................................................................................12

        c. Count IV – Gross Negligence ..................................................14

        d. Leave to Amend Should Not Be Granted ................................14

V. CONCLUSION.............................................................................................15

i

1393631.2

## TABLE OF AUTHORITIES

Cases

AE ex rel. Hernandez v. Cnty of Tulare,
    666 F.3d 631 (9th Cir. 2012) ............................................................... 6

American Mfrs. Mut. Ins. Co. v. Sullivan,
    526 U.S. 40 (1999) ............................................................................ 12

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ........................................................................... 6

Baham v. Ass'n of Apartment Owners of Opua Hale Patio Homes,
    No. 13-00669-HG-BMK, 2014 U.S. Dist. LEXIS 82873
    (D. Haw. June 18, 2014) ..................................................................... 9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ........................................................................... 6

Buscher v. Boning,
    114 Hawaii 202, 159 P.3d 814 (2007) ................................................ 8

Cooper v. Pickett,
    137 F.3d 616 (9th Cir. 1997) ............................................................ 13

Dural v. City & Cty. of Honolulu,
    658 F. Supp. 3d 855 (D. Haw. 2023) .............................................. 6–7

Ellis v. Crockett,
    51 Haw. 45, 451 P.2d 814 (1969) ..................................................... 13

Greys Ave. Partners, LLC v. Theyers,
    484 F. Supp. 3d 895 (D. Haw. 2020) ................................................ 10

Horowitz v. Stewart Title Guar. Co.,
    No. 16-00666 LEK-KJM, 2018 U.S. Dist. LEXIS 218101
    (D. Haw. May 3, 2018) ..................................................................... 10

Hungate v. Rosen,
    139 Hawaii 394, 391 P.3d 1 (2017) .................................................... 8

Isobe v. Sakatani,
    127 Hawaii 368, 279 P.3d 33 (App. 2012) ......................................... 9

Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel.,
   113 Hawaii 251, 151 P.3d 732 (2007) .................................................................. 8

Lee v. City of Los Angeles,
   250 F.3d 668 (9th Cir. 2001) ............................................................................ 7

Maness v. Star-Kist Foods, Inc.,
   7 F.3d 704 (8th Cir. 1993) ............................................................................. 8–9

Matsuura v. E.I. du Pont de Nemours & Co.,
   102 Hawaii 149, 73 P.3d 687 (2003) ........................................................... 8, 10

Moss v. U.S. Secret Serv.,
   572 F.3d 962 (9th Cir. 2009) ......................................................................... 10

Price v. Hawaii,
   939 F.2d 702 (9th Cir. 1991) ..........................................................................11

Pro Flexx LLC v. Yoshida,,
   No. 20-00512, 2021 U.S. Dist. LEXIS 17858
   (D. Haw. Jan 28, 2021) .................................................................................. 13

Springer v. Hunt,
   No. 17-00296 JMS-KSC, 2018 U.S. Dist. LEXIS 23092
   (D. Haw. Feb. 13, 2018) ............................................................................ 7, 11

Steckman v. Hart Brewing, Inc.,
   143 F.3d 1293 (9th Cir. 1998) ....................................................................... 14

United States ex rel. Lee v. Corinthian Colls.,
   655 F.3d 984 (9th Cir. 2011) ........................................................................... 7

Vasquez v. Kiewit Infrastructure W., Co.,
   No. 19-00513 HG-WRP, 2020 U.S. Dist. LEXIS 95533
   (D. Haw. June 1, 2020) ................................................................................... 7

Vess v. Ciba-Geigy Corp. USA,
   317 F.3d 1097 (9th Cir. 2003) ....................................................................... 13

Whitaker v. Tesla Motors, Inc.,
  985 F.3d 1173 (9th Cir. 2021) .............................................................................. 6

Yoshikawa v. Seguirant,
  41 F.4th 1109 (9th Cir. 2022) ............................................................................... 7

## Statutes

42 U.S.C. § 1983 ....................................................................................................11, 12

## Rules

Fed. R. Evid. 201 ........................................................................................................ 7
Fed. R. Civ. Pro. 8 .................................................................................................... 10
Fed. R. Civ. Pro. 12 ......................................................................................... 6, 7, 10

## Other

Restat. 2d of Torts, § 674(b) ....................................................................................... 9
Restat. 2d of Torts, § 677(b) ....................................................................................... 9

1393631.2

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

I.    <u>INTRODUCTION</u>

Plaintiff HELENA KRIZEK ("Plaintiff") fails to state a single, cognizable claim against Defendant WILLIAM BORDNER, ESQ. ("Attorney Bordner") in her Complaint filed on October 11, 2024 ("Complaint"). This Court should dismiss Attorney Bordner from this action with prejudice under Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6).

*First*, all allegations against Attorney Bordner stem solely from his actions taken while representing his clients in the underlying lawsuit alluded to in the Complaint, entitled <u>Helena Krizek v. Queens Medical Center, et al.</u>, Civil No. 1:18-cv-00293. Such actions are protected under litigation privilege and cannot constitute a basis for civil liability in this case. In fact, the only direct factual allegation about Attorney Bordner in the entire Complaint is that he represented an opposing party in the underlying action. <u>See</u> Complaint at 4, ¶ 13. As such, Attorney Bordner's conduct falls under the protection of the litigation privilege, and Plaintiff's claims against him are barred as a matter of law.

*Second*, Plaintiff fails to state a single, cognizable claim against Attorney Bordner that survives the pleading standard in federal court. Plaintiff does not allege any other facts related to Attorney Bordner beyond identifying him as defense counsel in the underlying lawsuit—which is not a valid basis for any

1393631.2

legal claims. To the extent Plaintiff attempts to include Attorney Bordner in her broad allegations against all defendants, such allegations are conclusory and do not provide sufficient factual detail to establish any plausible claim or legal theory against Attorney Bordner. Plaintiff's Complaint does not allege sufficient facts, nor can any be reasonably inferred, that give rise to any claims against Attorney Bordner. Thus, her Complaint as to Attorney Bordner does not survive under the federal pleading standards and must be dismissed with prejudice.

*Third*, notwithstanding the fact that Plaintiff's claims are barred and insufficiently pled, each claim Plaintiff attempts to assert against Attorney Bordner under Counts I through IV independently fail as a matter of law. Her claims as to Attorney Bordner would be futile even if she was granted leave to amend.

Accordingly, this Court should dismiss all claims against Attorney Bordner with prejudice.

## II.    RELEVANT BACKGROUND

### A.    Procedural History

On July 18, 2018, Plaintiff filed her underlying lawsuit against various medical practitioners and entities for wrongful death and medical malpractice claims related to her daughter's death. See Ex. 1 (Underlying Lawsuit Complaint). Plaintiff, who was represented by counsel, litigated these claims at trial. See Ex. 2 (Underlying Lawsuit Docket) at 66–77. On September 13, 2022, the jury returned

2

with a unanimous verdict against Plaintiff.  See Ex. 3 (Underlying Lawsuit Judgment).

On October 11, 2022, Plaintiff moved for a new trial on the basis that her trial was unfairly prejudiced by the cumulative effect of alleged improper rulings from the District Court and alleged misconduct by defense counsel, Bordner.  See Ex. 4 (Plaintiff's Motion For New Trial) at 7–10.  On December 9, 2022, this Court denied Plaintiff's Motion For New Trial and found that Attorney Bordner committed no misconduct.  See Ex. 5 (District Court Order) at 10–11.

On January 4, 2023, Plaintiff filed an appeal of the District Court's Order to the United States Court of Appeals for the Ninth Circuit.  See Ex. 6 (Plaintiff's Notice Of Appeal).  On September 18, 2024, the Ninth Circuit affirmed the District Court's Order and the judgment against Plaintiff in the underlying lawsuit took effect on October 10, 2024.[1]  See Ex. 7 (Ninth Circuit Opinion).

On October 11, 2024, Plaintiff filed her Complaint in this lawsuit and asserted the following four counts against all defendants: (1) violation of the Civil Rights Act under 42 U.S.C. § 1983; (2) conspiracy to commit medical fraud

---

[1] In light of final judgment rendered in favor of all defendants and against Plaintiff in the underlying lawsuit, and the subsequent findings and determinations by this Court and the Ninth Circuit as relating to any alleged misconduct by Attorney Bordner raised in Plaintiff's Motion For New Trial and on appeal, Attorney Bordner expressly reserves all claims, causes of action, assertions, defenses and arguments that sound in res judicata, claim preclusion, issue preclusion, collateral attack, and collateral estoppel.

3

1393631.2

Case 1:25-cv-00021-SASP-RT   Document 124-1   Filed 04/23/25   Page 9 of 20
                                  PageID.443

through inducement for the purpose of illegal organ harvesting; (3) conspiracy to commit medical fraud in concealment for the purpose of illegal organ harvesting; and (4) gross negligence. See Complaint at 16–20, ¶¶ 83–98.

B.      Factual Allegations

Plaintiff alleges that Attorney Bordner represented Dr. Nobuhiro Ariyoshi and Hawaii Residency Programs, Inc., both of which were defendants in the underlying lawsuit. See Complaint at 4, ¶ 13. Plaintiff makes no other direct factual allegations about Attorney Bordner in her Complaint.

With respect to Count I – Violation of Title 42 U.S.C. Section 1983 Civil Rights Act, Plaintiff alleges the following:

> 84. That defendants Department of Health Hawaii and DR. CHRISTOPHER HAPPY are state actors and persons within the meaning of Title 42 U.S.C. Section 1983 Civil Rights Act.
>
> 85. That at all material times herein defendant acted in 'color of law' to achieve in the further of their illicit scheme of unlawful organ harvesting which was a scheme of all defendants acting in concert with one another .
>
> 86. That the defendant's scheme of falsifying critical medical records of plaintiff daughter Bianca was suppressed by the defendants who deprived the plaintiff of her fundamental rights by state actors as codified under Title 42 U.S.C. Section 1983 Civil Rights Act.

See Complaint at 16, ¶¶ 84–86.

With respect to Count II – Conspiracy to Commit Medical Fraud Through Inducement for Purposes of Illegal Organ Harvesting, Plaintiff alleges the following:

4

> 89. That the defendants and each of them named in the above-entitled matter during all material times herein acted with an illicit scheme to promote their campaign of 'illegal organ harvesting' by depriving plaintiff daughter Bianca of adequate medical care while placing defendant daughter Bianca in a depraved medical condition causing her wrongful death, followed by defendants' unlawful seizure of plaintiff daughter Bianca organs for donation without indispensable patient or family consent.
>
> 90. That defendants motive was financial gain, through a pattern and practice including unconscionable inducement and artifice used to trick and deceive plaintiff daughter Bianca and the plaintiff.

See Complaint at 17–18, ¶¶ 89–90.

With respect to Count III – Conspiracy to Commit Medical Fraud in Concealment For Purposes of Illegal Organ Harvesting, Plaintiff alleges the following:

> 93. That each of the defendants acting in concert with one another engaged in a pattern and practice to conceal, alter and suppress plaintiff daughter Bianca true medical records, and diagnosis.
>
> 94. That the defendants engaged in said illicit conspiracy to conceal true and accurate medical records of plaintiff's daughter Bianca to achieve their ultimate goal and unlawful scheme of targeting plaintiff's daughter Bianca for unlawful organ harvesting following her wrongful death which was caused by the defendant's illicit actions and artifices including fraud, deception and trickery against plaintiff daughter Bianca and the plaintiff.

See Complaint at 18, ¶ 93.

With respect to Count IV – Gross Negligence, Plaintiff alleges the following:

> 97. That the defendants as named in the above entitled matter and each of them engage in a pattern and practice constituting gross negligence in the preparation and execution of plaintiff daughter Bianca treatment plan,

5

1393631.2

resulting in the wrongful death of plaintiff daughter Bianca, together with a violation of decedent worldly wishes and intent not to donate her organs after death, based among other things on her profound religious beliefs, and where the defendants following the wrongful death of plaintiff daughter death wrongfully and unlawfully seized and donated plaintiff daughter Bianca body organs among other defendants for financial gain.

See Complaint at 19, ¶ 97.

### III.    LEGAL STANDARD

#### A.    Rule 12(b)(6)

To survive FRCP 12(b)(6) scrutiny, a plaintiff's complaint must allege sufficient facts to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A complaint is required to include "well-pleaded facts, not legal conclusions, that plausibly give rise to an entitlement to relief." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (internal citations omitted). Those well-pleaded facts "'must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively' and 'must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" Dural v. City & Cty. of Honolulu, 658 F. Supp. 3d 855, 862 (D. Haw. 2023) (quoting AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Bell

6

1393631.2

Atl. Corp., 550 U.S. at 555). Dismissal is proper where there is either a "lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Yoshikawa v. Seguirant, 41 F.4th 1109, 1114 (9th Cir. 2022).

In ruling on a FRCP 12(b)(6) motion, the Court may consider "documents subject to judicial notice as matters of public record." See Vasquez v. Kiewit Infrastructure W., Co., No. 19-00513 HG-WRP, 2020 U.S. Dist. LEXIS 95533, at *11 (D. Haw. June 1, 2020) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)). Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if those matters are not subject to reasonable dispute. United States ex rel. Lee v. Corinthian Colls., 655 F.3d 984, 999 (9th Cir. 2011); Fed. R. Evid. 201. Documents on file in federal or state courts are public records not subject to reasonable dispute. See Springer v. Hunt, No. 17-00269 JMS-KSC, 2018 U.S. Dist. LEXIS 23092, at *6 n.8 (D. Haw. Feb. 13, 2018). Therefore, it is appropriate for this Court to take judicial notice of the records and files from the underlying lawsuit.

IV. **PLAINTIFF'S COMPLAINT AGAINST ATTORNEY BORDNER SHOULD BE DISMISSED WITH PREJUDICE**

　　A. Plaintiff's Claims Against Attorney Bordner Are Barred By Litigation Privilege

7

1393631.2

The litigation privilege bars Plaintiff's claims against Attorney Bordner, as all allegations stem from his representation of opposing parties in the underlying litigation. Under Hawaii law, litigation privilege bars civil claims against an opposing party's attorney when the alleged conduct occurred during the attorney's representation and is related to the underlying litigation. Hungate v. Rosen, 139 Hawaii 394, 412, 391 P.3d 1, 19 (2017); Buscher v. Boning, 114 Hawaii 202, 221, 159 P.3d 814, 832 (2007); see also Matsuura v. E.I. du Pont de Nemours & Co., 102 Hawaii 149, 155, 73 P.3d 687, 693 (2003) (explaining the policy considerations underlying the litigation privilege, such as reinforcing the finality of judgments and limiting collateral attacks on those judgments).

The privilege is "generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action." Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawaii 251, 269, 151 P.3d 732, 749 (2007) (internal citations omitted). "[A]n attorney who acts within the scope of the attorney-client relationship will not be liable to third persons for actions arising out of his professional relationship unless the attorney exceeds the scope of his employment or acts for personal gain." Id. at 270, 151 P.3d at 751 (citing Maness v. Star-Kist Foods, Inc., 7 F.3d 704, 709 (8th Cir. 1993)) (holding that the litigation privilege

8

applies when there are no factual allegations that indicate the defendant attorney "possessed a desire to harm which is independent of the desire to protect their clients" or "acted for personal gain or with ill-will toward" the plaintiff). Conduct carried out by an attorney on behalf of a client in the scope of his representation is protected by the privilege when there is no showing of actual malice independent of the interests of the client. Baham v. Ass'n of Apartment Owners of Opua Hale Patio Homes, No. 13-00669 HG-BMK, 2014 U.S. Dist. LEXIS 82873, at *68-70 (D. Haw. June 18, 2014) (applying litigation privilege and dismissing claims against attorneys that represented a condominium association in a prior non-judicial foreclosure).

       The only type of claims not precluded by the litigation privilege are abuse of process and malicious prosecution. Isobe v. Sakatani, 127 Hawaii 368, 382, 279 P.3d 33, 47 (App. 2012). To maintain such a claim, Plaintiff has to prove that the prior proceedings were terminated in Plaintiff's favor. Id. at 386; see also Restatement (Second) Torts §§ 674(b) and 677(b) (noting that the alleged wrongful proceedings must "have terminated in favor of the person against whom they are brought"). Plaintiff's claims fail as a matter of law, and should be dismissed with prejudice because Mr. Bordner owed her no duties and Plaintiff does not allege (and cannot allege) that she prevailed in any of the prior proceedings.

Here, the only factual allegation directly referencing Attorney Bordner in the <u>entire</u> Complaint is that he was defense counsel for opposing parties in the underlying litigation.  <u>See</u> Complaint at 4, ¶ 13.  Nowhere else in the Complaint is Attorney Bordner specifically mentioned.  <u>Id.</u>  No allegations were made, nor could any be reasonably inferred, that Attorney Bordner acted 'outside the scope of his professional duties' or with any 'independent malice' towards Plaintiff.  Thus, Attorney Bordner's conduct falls within the purview of the litigation privilege, and Plaintiff's claims against Attorney Bordner are barred as a matter of law and must be dismissed.

    B.    <u>Plaintiff Fails To Allege Sufficient Facts To Bring Any Claims Against Attorney Bordner</u>

A complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Greys Ave. Partners, LLC v. Theyers</u>, 484 F. Supp. 3d 895, 901 (D. Haw. 2020) (citing <u>Iqbal</u>, 556 U.S. at 678).  For a complaint to survive a Rule 12(b)(6) motion to dismiss, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Horowitz v. Stewart Title Guar. Co.</u>, No. 16-00666 LEK-KJM, 2018 U.S. Dist. LEXIS 218101, at *22 (D. Haw. May 3, 2018) (citing <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009)); <u>see also</u> Fed. R. Civ. Pro. 8.

10

1393631.2

Here, as mentioned previously, the only factual allegation directly concerning Attorney Bordner is that he represented an opposing party in the prior litigation—which alone does not support any legal claim for relief. The Complaint is deficient of any specific facts that would draw a reasonable inference that Attorney Bordner is liable for any of the claims being asserted by Plaintiff. The allegations Plaintiff asserts against all defendants are insufficient to support any specific claims against Attorney Bordner. Thus, Plaintiff's Complaint does not survive the pleading standard of federal court and her claims against Attorney Bordner must be dismissed.

  C. <u>Plaintiff's Claims Independently Fail as a Matter of Law</u>

Notwithstanding the fact that Plaintiff's claims are barred and insufficiently pled, to the extent this Court considers each individual claim asserted under Counts I, II, III, and IV, Plaintiff's claims against Attorney Bordner independently fail as a matter of law.

  a. <u>Count I – Violation of 42 U.S.C. § 1983</u>

Plaintiff's claim under Count I for violation of 42 U.S.C. § 1983 ("Section 1983") fails as a matter of law as to Attorney Bordner. To state a claim under Section 1983, "a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by *a person acting under color of state*

11

*law.*"  Springer, 2018 U.S. Dist. LEXIS 23092, at *12 (internal citations omitted and emphasis added).  Additionally, private persons do not act under color of state law and are therefore not personally liable for alleged federal constitutional violations.  See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.") (internal quotation marks and quoted sources omitted); Price v. Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").

Here, Plaintiff broadly alleges that "all defendants acting in concert with one another" was done in furtherance of an "illicit scheme of unlawful organ harvesting," which "deprived plaintiff of her fundamental rights."  See Complaint at 16, ¶¶ 85–86.  Attorney Bordner was retained as defense counsel for a private practitioner and a private nonprofit organization in the underlying lawsuit.  There are no plausible allegations—nor could any be made—that Attorney Bordner, acting as a *private attorney*, engaged in such conduct 'under color of state law' merely by representing his clients in the prior litigation.  Attorney Bordner's conduct does not constitute state action necessary to bring a claim under Section 1983.  Thus, all claims against Attorney Bordner under Count I fail as a matter of law and must be dismissed.

    b. <u>Counts II and III – Civil Conspiracy to Commit Medical Fraud</u>

12

1393631.2

Plaintiff's claims under Counts II and III for civil conspiracy and fraud are similarly deficient for multiple reasons, and fail as a matter of law against Attorney Bordner. Plaintiff broadly alleges that all defendants engaged in "fraud, deception, and trickery" to deceive Plaintiff and her daughter in furtherance of an "organ harvesting" conspiracy for financial gain. See Complaint at 17–18, ¶¶ 89–90, 94.

However, nowhere in the Complaint does Plaintiff allege a single, specific fraudulent act or misrepresentation committed by Attorney Bordner. Fraud must be pled with particularity, meaning the complaint must allege "'the who, what, when, where, and how' of the misconduct charged." See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). Because Plaintiff fails to allege any specific fraudulent conduct attributable to Attorney Bordner, her fraud claim falls short of the heightened pleading standard and must be dismissed.

To the extent Plaintiff asserts a claim for civil conspiracy against Attorney Bordner, that claim must also fail. Civil conspiracy is not a freestanding cause of action and requires "an actionable claim underlying a civil conspiracy claim." Pro Flexx LLC v. Yoshida, No. 20-00512, 2021 U.S. Dist. LEXIS 17858, at *24 (D. Haw. Jan. 28, 2021) (citing Ellis v. Crockett, 51 Haw. 45, 57, 451 P.2d 814, 822-23 (1969)). Since Plaintiff has not pled any viable underlying claims

13

against Attorney Bordner, her conspiracy claim cannot stand on its own, and must also be dismissed.

        c.        <u>Count IV – Gross Negligence</u>

Finally, to the extent Plaintiff attempts to assert claims under Count IV for gross negligence, those claims also fail as a matter of law.  Plaintiff alleges that defendants engaged in "practice constituting gross negligence in the preparation and execution of plaintiff daughter Bianca treatment plan, resulting in the wrongful death[.]  <u>See</u> Complaint at 19, ¶ 97.  Plaintiff fails to allege (nor does one exist) that Attorney Bordner, as counsel for an opposing party in the underlying lawsuit, owed any legal duty to Plaintiff or her daughter—let alone that he had any role in her daughter's treatment plan (which he clearly had no part in).  Not only that, but Plaintiff *already* litigated her negligence-based wrongful death claim in the underlying lawsuit and lost.  <u>Compare</u> Complaint at 19, ¶ 97 with Ex. 1 (First Lawsuit Complaint) at 14–15, ¶¶ 88–96.  Her claims under Count IV fail as a matter of law and must be dismissed.

        d.        <u>Leave to Amend Should Not Be Granted</u>

Moreover, even if Plaintiff were granted leave to amend her Complaint, her claims against Attorney Bordner would still be futile.  Thus, leave should be denied, and all claims against Attorney Bordner must be dismissed with prejudice.  <u>See</u> <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998) (stating

14

that the court need not extend the general rule that parties are allowed to amend their pleadings if amendment "would be an exercise in futility").

V.   CONCLUSION

Based on the foregoing, Attorney Bordner respectfully requests that this Court GRANT this motion to DISMISS Plaintiff's Complaint as to all claims asserted against Attorney Bordner with prejudice.

DATED:  Honolulu, Hawaii, April 23, 2025.

                                         */s/ Matthew C. Shannon*
                                         MATTHEW C. SHANNON
                                         CAYLI R. HIRATA

                                         Attorneys for Defendant
                                         WILLIAM BORDNER, ESQ.