
CC: SASP + filer

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 10 2025

at 12 o'clock and 09 min. P M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIT OF HAWAII

---

HELENA KRIZEK, Birth Mother of
BIANCA HELEN KRIZEK,(DECEDENT)

    Plaintiff,

-against-

THE QUEENS MEDICAL CENTER,
DR. CHERYLEE CHANG,
DR. THOMAS S. GALLACHER,
DR. NOBUHIRO ARIYOSHI,
EDQUON LEE, ESQ., MARGARET WILLE
AND ASSOCIATES LLC.,
MARGARET WILLE ESQ.,
WILLIAM A. BORDNER ESQ.,
DR. HAO CHIH HO, LEGACY OF LIFE
HAWAII, LIONS EYE BANK OF HAWAII,
HAWAII STATE DEPARTMENT OF HEALTH,
DR. CHRISTOPHER HAPPY MEDICAL
EXAMINER OF HONOLULU, IN HIS
OFFICIAL & INDIVIDUAL CAPACITY,

    Defendants.

---

Civil Case No.:

25-cv-00021-SASP-RT

**PLAINTIFF OPPOSITION TO ABOVE NAMED
DEFENDANTS' RULE 12b-6 MOTION TO DISMISS**

**HERE COMES HELENA KRIZEK,** the plaintiff pro se' in the above

entitled matter and who herein files opposition to multiple defendant Rule 12b-6 Motion To Dismiss, and in support thereof respectfully states and alleges as follows.

1. That the following defendants by and through their attorneys have filed a Motion pursuant to Rule 12b-6 of the Federal Rules of Civil Procedure, seeking dismissal of plaintiff well pled complaint and for cause which simply does not meet the standard of a Rule 12b-6 Motion To Dismiss and where defendants further charge dismissal based upon doctrine of res judicata which is non-applicable in instant case for cause as set forth more fully below.

John-Anderson L. Meyer, Esq.
John-anderson.meyer@dentons.com
Denton US LLP
1001 Bishop Street, 18th Floor
Honolulu, HI 96813

The above attorney is representing the following defendants:

THE QUEENS MEDICAL CENTER
DR. HAO CHIH HO
DR. CHERYLEE CHANG
DR. THOMAS S. GALLACHER

---

Gail Y. Cosgrove, Esq.
Gcosgrove@goodsill.com
Maegan A. Ruggles, Esq.
Mruggles@goodsill.com
Kylie I. Takafuji, Esq.
Ktakafuji@goodsill.com
Goodsill Anderson Queen & Stifel LLP

2

First Hawaiian Center
999 Bishop Street, Suite 1600
Honolulu, HI 96813

The above attorneys are representing the following defendant: DR. NOBUHIRO ARIYOSHI

---

JONATHAN W. Y. LAI, ESQ.
Jlai@wik.com
ALAN J. MA, ESQ.
Ama@wik.com
VANESSA D. WEN, ESQ.
Vwen@wik.com
Watanabe Ing LLP
999 Bishop Street, Suite 1250
Honolulu, HI 96813

The above attorneys are representing the following defendants:

Hawaii Lions Foundation dba Hawaii Lions Eye Bank & Makana Foundation
Hawaii Organ Procurement Organization dba Legacy of Life Hawaii

---

BRIAN O. FELDER, ESQ.
Otis.felder@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLC
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071

The above attorney is representing the following defendant:

EDQUON LEE, ESQ.

---

LUNG ROSE VOSS & WAGNILD
MATTHEW C. SHANNON, ESQ.
Mshannon@legalhawaii.com

CAYLI R. HIRATA, ESQ.
Chirata@legalhawaii.com
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813

The above attorneys are representing the following defendant:

WILLIAM A. BORDNER, ESQ.

---

James Shin, Esq.
Jshin@rlhlaw.com

Roeca Luria Shin LLP
841 Bishop Street, Suite 900
Honolulu, HI 96813

The above attorney is representing the following defendants:

MARGARET WILLE, ESQ.
MARGARET WILLE & ASSOCIATES LLC.

---

Dana M. O. Viola, Esq.
Dana.viola@honolulu.gov
Robert M. Kohn, Esq.
Robert.kohn@honolulu.gov
Department of the Corporation Counsel
530 South King Street, Room 110
Honolulu, HI 96813

The above attorneys are representing the following defendant:

DR. CHRISTOPHER HAPPY – former Medical Examiner of Honolulu

---

HAWAII STATE DEPARTMENT OF HEALTH –

AS OF MAY 27, 2025 ONE (1) ABOVE MENTIONED DEFENDANT HAVE NOT RESPONDED TO THE COMPLAINT/SUMMONS AND THEY WERE SERVED MORE THAN 60 DAYS AGO.

## INTRODUCTION TO OPPOSITION

That none of defendants' claims filed under Rule 12b-6 or lack of jurisdiction, or res judicata are valid and must be rejected by this Honorable Court. Defendant counsel is attempting to manipulate and misrepresent the pending cause of action with an earlier civil action principally filed for malpractice unlike the pending civil action principally charging a conspiracy to remove body parts of the decedent for sale and profit, which is based upon NEW evidence obtained following the original trial principally charging malpractice.

Therefore, the lack of jurisdiction claim by defendants **is erroneous** as a matter of law and must be denied by this Court. That with respect to remaining claims by defendants pursuant to Rule 12b-6, all defendant claims are without merit and must be dismissed in accord with the Rule 12b-6 standard as set forth more fully below, with this Honorable Court denying all defendant motions filed under Rule 12b, and directing the defendants to file an answer.

---

## LEGAL STANDARD FOR Rule 12b-6 Motions

2. In Hawaii, a Rule 12(b)(6) motion to dismiss, which is a motion to

dismiss for failure to state a claim, is granted only if the complaint is clearly without merit, meaning there is no legal basis for the claim or insufficient facts to support it. The court must view the complaint in the light most favorable to the plaintiff and determine if any plausible legal theory could grant relief.

- **Clear Lack of Merit:**
  Dismissal is warranted only if the claim is manifestly without merit, either due to a lack of supporting law or insufficient facts, or if a fact is disclosed that would inevitably defeat the claim.

- **Favorable View of the Complaint:**
  The court must interpret the complaint's allegations favorably to the plaintiff, considering any alternative legal theories that could support the claim.

- **Plausible Claim:**
  To survive a motion to dismiss, the complaint must contain sufficient factual allegations that, when accepted as true, raise a right to relief above the speculative level and make the claim plausible on its face.

- **Not a Trial of Truth:**
  A Rule 12(b)(6) motion does not test the truth of the allegations, but rather the legal sufficiency of the complaint.

- **Focus on Legal Sufficiency:**
  The focus is on whether the complaint, as pleaded, is sufficient to state a claim upon which relief can be granted, meaning it establishes a factual basis for the

claim, provides details about the defendant's negligence, and explains how that negligence caused the plaintiff's injury.

3. That in the instant case the defendants have not met the standard for Rule 12b-6 Motion to be granted and the plaintiff's well pled civil complaint meets the legal standard compelling the Court to deny all defendants' Motions filed under Rule 12b, and direct defendants to answer plaintiff's well pled civil complaint which comports with all elements required by plaintiffs' filing civil complaints.

## STANDARD OF DOCTRINE OF RES JUDICATA

4. A res judicata motion to dismiss generally means that a claim is barred because it was already decided in a prior action, or could have been decided in the prior action, between the same parties or those in privity with them, involving the same subject matter. In other words, it's a motion claiming that the current lawsuit is barred because the issue has already been resolved in a previous court case.

5. A motion for dismissal based on res judicata is governed by the standard that the prior decision must be a final judgment on the merits rendered by a court of competent jurisdiction, involving the same parties and claims as the current case. If these conditions are met, the subsequent litigation is barred by res judicata, meaning the case must be dismissed.

The prior judgment must be final and conclusive, not subject to appeal or further

proceedings.

**DISTINCTION BETWEEN PRIOR MALPRACTICE CASE AND PENDING CIVIL ACTION**

6. That the Distinction between the prior civil action originally filed by the plaintiff and the current pending civil action before this Court is that the original action was principally a malpractice civil action and the pending civil action is based upon NEW evidence developed by the facts following the prior civil trial, establishing the principal cause of action constituting a conspiracy to unlawfully obtain decedents body parts, following her death, without consent or authorization by either the decedent or her duly recognized representative (the plaintiff).

**INTEGRAL FACTS SUPPORTING DISMISSAL OF DEFENDANTS' MOTION TO DISMISS**

7. That plaintiff denies all allegation as presented in individual pleadings as filed by the defendants' in support of Rule 12b, Motion and Jurisdictional claims (res judicata).

8. That all defendants were timely served with a copy of plaintiff's Summons and Complaint, and affidavits of service have been filed with the office of the Clerk of the Court.

9. That the earlier federal civil action (Trial) did not trigger any statute of limitations barring pending civil action, where pending civil action is not based upon malpractice which was the principal cause of action in first civil trial, however pending civil action is based upon NEW evidence establishing a broad conspiracy to unlawfully take decedent body organs for sale and profit which was learned following the earlier trial, without any prior consent of the decedent, or decedents authorized representative following decedents untimely death.

10. That earlier civil action was appealable and not subject to the Doctrine of Res Judicata.

11. That earlier trial did not include action for conspiracy to unlawfully cease body parts of decedent.

12. That plaintiff's current civil action was timely filed in October of 2024, based upon new evidence and separate cause of action never prosecuted by plaintiff or decided on its merits. (Civil Rights Action, Conspiracy to unlawfully cease body parts of decedent for sale and profit).

13. That there is no jurisdictional bar to plaintiff's pending federal civil action.

14. That all defendants named in civil rights action are proper defendants

either as local or state authorities, or as agents of local or state authorities.

WHEREFORE, Each of the Defendants Motions to Dismiss, based upon lack of jurisdiction, (res judicata), lack of proper service, and all other claims must be Denied and Defendants Directed to file answer to plaintiff's well pled Federal Civil Complaint.

Respectfully submitted,

*Helena Krizek*

HELENA KRIZEK, Birth Mother of
BIANCA HELEN KRIZEK,(DECEDENT)


Dated: May 27th, 2025

# CERTIFICATION OF SERVICE

CERTIFICATE OF SERVICE I Helena Krizek, plaintiff Pro Se in the above entitled matter do hereby certify that I have served each of the defendants' attorneys with the true copy of the within legal papers (Plaintiff's Opposition to Defendants' Motions to Dismiss) at the email address and by USPS Certified Mail as listed below:

John-Anderson L. Meyer, Esq.
John-anderson.meyer@dentons.com
Denton US LLP
1001 Bishop Street, 18th Floor
Honolulu, HI 96813

The above attorney is representing the following defendants:
THE QUEENS MEDICAL CENTER
DR. HAO CHIH HO
DR. CHERYLEE CHANG
DR. THOMAS S. GALLACHER

Gail Y. Cosgrove, Esq.
Gcosgrove@goodsill.com
Maegan A. Ruggles, Esq.
Mruggles@goodsill.com
Kylie I. Takafuji, Esq.
Ktakafuji@goodsill.com
Goodsill Anderson Queen & Stifel LLP
First Hawaiian Center
999 Bishop Street, Suite 1600
Honolulu, HI 96813

The above attorneys are representing the following defendant:
DR. NOBUHIRO ARIYOSHI

JONATHAN W. Y. LAI, ESQ.
Jlai@wik.com
ALAN J. MA, ESQ.

Ama@wik.com
VANESSA D. WEN, ESQ.
Vwen@wik.com
Watanabe Ing LLP
999 Bishop Street, Suite 1250
Honolulu, HI 96813

The above attorneys are representing the following defendants:
Hawaii Lions Foundation dba Hawaii Lions Eye Bank & Makana Foundation
Hawaii Organ Procurement Organization dba Legacy of Life Hawaii

BRIAN O. FELDER, ESQ.
Otis.felder@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLC
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071

The above attorney is representing the following defendant:
EDQUON LEE, ESQ.

LUNG ROSE VOSS & WAGNILD
MATTHEW C. SHANNON, ESQ.
Mshannon@legalhawaii.com
CAYLI R. HIRATA, ESQ.
Chirata@legalhawaii.com
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813

The above attorneys are representing the following defendant:
WILLIAM A. BORDNER, ESQ.

James Shin, Esq.
Jshin@rlhlaw.com
Roeca Luria Shin LLP
841 Bishop Street, Suite 900
Honolulu, HI 96813

The above attorney is representing the following defendants:
MARGARET WILLE, ESQ.
MARGARET WILLE & ASSOCIATES LLC.

Dana M. O. Viola, Esq.
Dana.viola@honolulu.gov
Robert M. Kohn, Esq.
Robert.kohn@honolulu.gov
Department of the Corporation Counsel
530 South King Street, Room 110
Honolulu, HI 96813

The above attorneys are representing the following defendant:
DR. CHRISTOPHER HAPPY

HAWAII STATE DEPARTMENT OF HEALTH

AS OF MAY 27, 2025 ONE (1) ABOVE MENTIONED DEFENDANT HAVE NOT RESPONDED TO THE COMPLAINT/SUMMONS AND THEY WERE SERVED MORE THAN 60 DAYS AGO.

Respectfully submitted,

Helena Krizek
Plaintiff 'Pro Se'

Dated: May 27, 2025